UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60344-CIV-SINGHAL

LUTRICIA LUSHAN BROWN ALLEN,

       Plaintiff,

v.

HON. DEBORAH CARPENTER-TOYE, *et al.*,

       Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Plaintiff Lutricia Lushan Brown Allen's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") (DE [6]) and a *sua sponte* review of the record. Plaintiff challenges ongoing state criminal proceedings, raising constitutional and jurisdictional arguments against the proceedings. But because this Court lacks jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), this case is dismissed.

I.    BACKGROUND

On November 25, 2024, Plaintiff was pulled over for driving with an improper license plate. (Complaint Affidavit (DE [1-12] at 3)). Her license plate read "Traveler, UCC 9-109(1) UCC 1-30B, and EXEMPT." *Id.* After the officer approached her vehicle, he asked for her driver's license. *Id.* at 3-4. Plaintiff informed the officer that she was travelling, not driving. *Id.* at 4. The officer asked Plaintiff to step out of the vehicle. *Id.* She refused, and the officer opened her door to escort her out. *Id.* Plaintiff "began to tense her arms and her entire body." *Id.* The officer escorted Plaintiff out of the vehicle and arrested her. *Id.*

Plaintiff was charged with failing to register a motor vehicle, attaching an unassigned license plate to her vehicle, and resisting arrest. *See* (DE [1-14] at 5). A jury trial is scheduled for February 11, 2026. (Hearing Trans. (DE [1-5] at 10)).

On February 9, 2026, Plaintiff filed this suit, arguing that the state court lacks jurisdiction to prosecute her and that the state criminal proceedings violate her Sixth Amendment right to a jury trial, right to counsel, and due process rights, among others. *See* (DE [1] at 5-6). She also moved for a temporary restraining order and a preliminary injunction, asking this Court to stay her criminal proceedings.[1] (DE [6]).

II.   DISCUSSION

Before addressing the merits of a case, the Court must ensure that it has jurisdiction to hear the case. If the Court lacks jurisdiction, the Court may dismiss the case *sua sponte*, even if the parties have not raised a question as to jurisdiction. *See, e.g.*, *Shepherd v. U.S. Bank Nat'l Ass'n, As Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Servs. 2005-4*, 839 Fed. Appx. 304, 305 (11th Cir. 2020) (affirming *sua sponte* dismissal for lack of jurisdiction under an abstention doctrine).

When a plaintiff sues in federal court, raising claims involving an ongoing state criminal proceeding, the general rule is that the federal court must abstain from exercising jurisdiction over the case. *Younger*, 401 U.S. at 43-45. Abstention "is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Johnson v. Fla.*, 32 F.4th 1092, 1099 (11th Cir. 2022). "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of

---

[1] Plaintiff styled her Motions as "Emergency" because trial is set to commence in her case on February 11, 2026.  But Plaintiff has known about the trial date since it was set on December 9, 2025.  See (DE [1-5] at 10).  An emergency is not defined as a litigant filing something after waiting until the last minute and then demanding speedy relief.

state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.*

Here, *Younger* abstention applies. All the factors are met. There is a pending state jury trial, and it involves the prosecution of state crimes, which is an important state interest. Plaintiff can also raise her constitutional claims at her trial. *See id.* at 1100 ("[T]he state courts will have the ability to take yet another look at his . . . Sixth Amendment claim . . . once his trial gets underway.").

None of the narrow exceptions apply either. There is no evidence that the prosecution was motivated by bad faith. No irreparable injury will occur, because Plaintiff can raise all of her constitutional issues at her trial. And her trial proceedings are an adequate state forum to raise those constitutional arguments. *See id.*

"This is a classic case for *Younger* abstention. [Plaintiff] faces valid state criminal charges. [S]he believes that [s]he has a potential constitutional defense to those charges, but, as [the Court has] explained, [s]he can raise that defense in the state courts of Florida." *Id.* at 1102.

III. CONCLUSION

This Court must abstain from exercising jurisdiction over this matter under *Younger*. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Complaint (DE [1]) is **DISMISSED WITHOUT PREJUDICE**.
2. The Motion (DE [6]) is **DENIED**.
3. All pending motions are **DENIED AS MOOT**.

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of February 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF and via Postal Service to:

Lutirica-Lushan Brown-Allen
c/o
1040 Park Drive
Ft. Lauderdale, FL 33312
PRO SE